STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. FRANCISCO HERNANDEZ AND WALTER RUTKOWSKI, DEFENDANTS-RESPONDENTS.

Argued January 9, 1979—Decided February 5, 1979.

Mr. Francis P. DeStefano, Assistant Prosecutor, argued the cause for appellant (Mr. James T. O'Halloran, Hudson County Prosecutor, attorney).

Mr. Thomas A. Penn, Deputy Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (Mr. John J. Degnan, Attorney General of New Jersey, attorney pro se).

*Mr. Stanford M. Singer,* Assistant Deputy Public Defender, argued the cause for respondent Hernandez (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Isidore Hornstein* argued the cause for respondent Rutkowski.

PER CURIAM. The judgment is affirmed substantially for the reasons expressed in the majority opinion of the Appellate Division, reported at 159 *N. J. Super.* 304 (1978).

PASHMAN, J., concurring. I concur fully in this Court's affirmance of the Appellate Division majority. I write separately merely to emphasize what I consider to be the crucial factors in the case. *N. J. S. A.* 24:21-24(a) was enacted to alter the penalties imposed for engaging in drug conspiracies. By virtue of the statute, punishment for participating in such a conspiracy has been changed from that prescribed for the commission of a high misdemeanor to the maximum penalty allowed for the particular offense which was the object of the conspiracy. There is no evidence that this provision was meant to create a new statutory offense or to modify the definition of the crime of conspiracy as stated in *N. J. S. A.* 2A:98-1 and 2.

In light of our well-established policy against repeals by implication, *see, e. g., Clifton v. Passaic Cty. Bd. of Taxation,* 28 *N. J.* 411, 421 (1958), the proper approach is to harmonize the two apparently conflicting statutes. This can appropriately be done by reading *N. J. S. A.* 24:21-24(a) as altering the penalties which may be imposed upon narcotics conspirators while continuing to refer to the general substantive requirements found in *N. J. S. A.* 2A:98-1 and 2. Among these is the allegation and proof of an overt act in furtherance of the conspiracy. *N. J. S. A.* 2A:98-2.

Further support for this conclusion can be gleaned from the very placement of the section. The immediately preceding provision, *N. J. S. A.* 24:21-23, is entitled "general

penalty." The sections immediately following 24:21–24 also deal with penalties. Thus, the positioning of 24:21–24(a) amidst these other sections indicates that *N. J. S. A.* 24:21–24(a) must have been intended to deal solely with penalties. I cannot believe that the Legislature, had it intended to create a new offense, would have chosen such an odd place to make that pronouncement.

I therefore conclude that an overt act must still be alleged and proven in order to establish the crime of conspiracy to violate the narcotics laws. Thus, I agree with the Court that the trial judge properly dismissed the conspiracy charge.

*For affirmance*—Chief Justice HUGHES and Justices MOUNTAIN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—6.

*For reversal*—None.